UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 09-30-KSF

DEBRA HAMMONS AND RANDY HAMMONS,
CO-GUARDIANS OF ERIC HAMMONS, a disabled adult        PLAINTIFFS

V.                        **OPINION & ORDER**

THE OHIO CASUALTY INSURANCE CO.                       DEFENDANTS
and WEST AMERICAN INSURANCE CO.

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the plaintiffs, Debra Hammons and Randy Hammons, co-guardians of Eric Hammons, a disabled adult, (collectively, "Plaintiffs") to remand this action to the Scott Circuit Court. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

On March 28, 2001, Plaintiffs filed this case in the Scott Circuit Court against Ronald Cannon, claiming damages resulting from an automobile collision that occurred on March 16, 2008. Cannon was the driver of the automobile involved in the collision and Eric Hammons was a passenger in that automobile. The complaint was amended on May 1, 2008, to add claims against West American Insurance Company and The Ohio Casualty Insurance Company ("Defendants"). Both Cannon and Hammons are Kentucky residents and West American and Ohio Casualty are both Ohio corporations.

On June 23, 2008, the plaintiffs provided notice to the Defendants pursuant to *Coots v. Allstate Insurance Co.*, 853 S.W.2d 895 (Ky. 1993), that it had reached a settlement agreement with

Cannon. West American substituted its payment for that of Cannon; thereby protecting its subrogation rights and preventing Cannon from being released from the case. Subsequently, West American waived subrogation and sought dismissal of Cannon as no claims remained pending against him. The Scott Circuit Court entered an Agreed Order of Partial Dismissal dated January 20, 2009 ("Agreed Order"). On January 27, 2009, Defendants filed a Notice of Removal with this court. Within the prescribed time period, Plaintiffs filed this Motion to Remand.

Anytime within a year of commencement of an action and prior to the entry of judgment, 28 U.S.C. § 1441 allows a defendant to remove an action to federal court when complete diversity exists pursuant to 28 U.S.C. § 1332, even if such diversity did not exist at the time of filing of the action. Such removal must be made within thirty days of the action becoming removable. Plaintiffs do not dispute that the procedural requirements of 28 U.S.C. § 1441 have been met, they do not dispute that the diversity requirements of 28 U.S.C. § 1332 exist, and they do not argue that they did not consent to the Agreed Order at the time it was entered. Instead, Plaintiffs argue that Defendants' counsel misrepresented his intentions about the Agreed Order. Plaintiffs state that they wish to withdraw their consent to that Agreed Order and ask this court either (i) to remand the case so that it may withdraw consent and ask the Scott Circuit Court to vacate the Agreed Order or (ii) to vacate the Scott Circuit Court Order and remand the case for further proceedings.

Plaintiffs are making serious allegations about Defendants' counsel's veracity, and this court is not in a position to determine the merits of those allegations. Instead, this court must look to the removal statute and determine if the requirements have been met in this case. The Defendants removed this action to this court based on diversity of citizenship and an amount in controversy pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 following entry of the Agreed Order dismissing

Cannon, the only non-diverse defendant. An action may become removable if complete diversity is created by voluntary dismissal of a non-diverse defendant. Under the voluntary-involuntary rule, a case can be removed under diversity jurisdiction if the resident defendant was dismissed from the action by the voluntary act of the plaintiff; but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case cannot be removed. Behind the rule is the notion of finality that is essential to "prevent removal to a federal court when the non-diverse party was eliminated by a state court order that might be reversed on appeal." 14 Wright, Miller & Cooper, § 3723. An agreed order constitutes voluntary dismissal, therefore, this court has subject matter jurisdiction and the case should not be remanded.

Plaintiffs argue that the Agreed Order was not "voluntary" because Defendants deceived them about their reasons for seeking the Agreed Order. Even assuming that Plaintiffs' recitation of the conversation that allegedly took place between counsel for Plaintiffs and Defendants is completely accurate, there was no representation made by Defendants' counsel that they would not remove the case if the federal court had jurisdiction. Further, Plaintiffs were free to work out an agreement with Defendants about removal of this case, however, no such agreement is reflected in the Agreed Order.

Plaintiffs indicate that they wish to withdraw their consent to the Agreed Order, making it involuntary. Even if this court had the authority to vacate the state court order, which this court declines to determine, it is not clear on what grounds plaintiffs would object to the dismissal of Cannon because Plaintiffs settled all claims against him. Plaintiffs offer no proof that the settlement agreement between Plaintiffs and Cannon is unenforceable, nor do they indicate that they intend to attempt to pursue additional claims against Cannon. The settlement agreement effectively eliminated

Plaintiffs' claims against Cannon.  The Defendants' claim for subrogation was the only claim that remained against Cannon after Plaintiffs reached a settlement agreement, and that claim was dismissed.  Plaintiffs' desire to object to that dismissal simply to prevent the dismissal from being "voluntary" is insincere because Plaintiffs have no claim against Cannon remaining.  Plaintiffs' failure to foresee that Defendants might remove the case once Cannon was dismissed is irrelevant to whether this court has jurisdiction over the case.  The court will not permit Plaintiffs to withdraw consent to the Agreed Order simply in an attempt to defeat jurisdiction when Plaintiffs have no remaining claim against Cannon.

Accordingly, **IT IS ORDERED**, that the plaintiffs' motion to remand [DE 6] is **DENIED**.  This April 14, 2009.

**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**