UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 09-30-KSF

DEBRA HAMMONS AND RANDY HAMMONS,
CO-GUARDIANS OF ERIC HAMMONS, a disabled adult                    PLAINTIFFS

V.                              **OPINION & ORDER**

THE OHIO CASUALTY INSURANCE CO.                                   DEFENDANTS
and WEST AMERICAN INSURANCE CO.

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendants, The Ohio Casualty Insurance Co. ("Ohio Casualty") and West American Insurance Co. ("West American") (collectively, "Defendants") for partial summary judgment. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

I.      **FACTUAL BACKGROUND**

This case involves a dispute over underinsured motorist coverage ("UIM") and added reparation benefits ("ARB") pursuant to a personal insurance policy and a commercial insurance policy. On March 16, 2008, Eric Hammons was injured in a single-automobile collision while a passenger in a truck owned by Ronald Ray Cannon, III when Mr. Cannon lost control of the truck and struck a utility pole.

The plaintiffs, Debra Hammons and Randy Hammons, co-guardians of Eric, a disabled adult, (collectively, "Plaintiffs") filed an action in Scott Circuit Court against Mr. Cannon for damages resulting from the collision. After the Plaintiffs determined that the coverage under Mr. Cannon's

insurance was insufficient to compensate Eric for his injuries, the complaint was amended to add claims for recovery for UIM and ARB under an automobile policy issued by West American to Debra and Randy Hammons on their personal vehicles and a commercial automobile policy issued by Ohio Casualty to Hammons Lawncare, LLC ("Hammons Lawncare"). Debra and Randy Hammons are the principals of Hammons Lawncare and Eric was an employee of the company. Eric leased a 2005 Dodge 3500 to the company and his name and the truck are listed on the "Lessor-Additional Insured and Loss Payee" endorsement to the policy. Hammons Lawncare purchased optional UIM coverage for its covered vehicles in exchange for an additional premium for each vehicle. After Plaintiffs settled with Mr. Cannon and all pending claims against him were dismissed by Agreed Order, Defendants removed the case to federal court.

## II.     STANDARD OF REVIEW

Although Defendants styled this motion as one for declaratory judgment, it is properly construed as a motion for partial summary judgment on the issue of coverage because Defendants did not file a declaratory judgment action. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the

facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In exercising diversity jurisdiction in this case, the court must apply state law in accordance with controlling decisions of the highest state court. *Bailey Farms, Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir. 1994). Interpretation and construction of an insurance contract is a matter of law for the court. *Kemper v. Heaven Hill Distilleries*, 82 S.W.3d 869, 871 (Ky. 2002). The Kentucky Supreme Court has summarized many of the canons to be used in the interpretation of insurance contracts:

> [A]s to the manner of construction of insurance policies, Kentucky law is crystal clear that exclusions are to be narrowly interpreted and all questions resolved in favor of the insured. Exceptions and exclusions are to be strictly construed so as to render the insurance effective. Any doubt as to the coverage or terms of a policy should be resolved in favor of the insured. And since the policy is drafted in all details by the insurance company, it must be held strictly accountable for the language used.

*Eyler v. Nationwide Mut. Fire Ins. Co.*, 824. S.W.2d 855, 859-60 (Ky. 1992) (citations omitted). Such canons are applicable only "when the language of the insurance contract is ambiguous or self-contradictory. Otherwise, the contract is to be read according to its plain meaning, its true character and purpose, and the intent of the policies." *Peoples Bank & Trust Co. v. Aetna Casualty & Surety Co.*, 113 F.3d 629, 636 (6th Cir. 1997). Exclusionary or limiting language in policies of automobile insurance must be clear and unequivocal. *Louisville Gas & Electric v. Am. Ins. Co.*, 412 F.2d 908 (6th Cir. 1969). If the contract is "clear and unambiguous, it cannot be construed to mean otherwise than what it says." *Scottsdale v. Flowers*, 513 F.3d 546, 565 (6th Cir. 2008).

### III.   ANALYSIS

#### A.   Commercial Policy

Plaintiffs seek coverage under the commercial policy for Hammons Lawncare. Eric filed a claim to collect damages under the UIM endorsement and Ohio Casualty rejected Eric's claim because it said Eric is not a "named insured" and was not in a "covered vehicle" when the accident occurred. Eric argues that he is a named insured by virtue of the "Lessor-Additional Insured and Loss Payee" endorsement and that coverage is not dependent upon him being in a "covered auto" at the time of the accident because UIM coverage is personal to him. The policy was ambiguous as to whether an "additional insured" is equivalent to a "named insured" thereby receiving all benefits of an insured of the first class, including UIM and ARB, so the reasonable expectations doctrine applies. Since Debra and Randy Hammons as principals of Hammons Lawncare had the reasonable expectation that Eric would be treated as a named insured and thereby be covered by the UIM endorsement and receive ARB, coverage should be afforded.

The Business Auto Coverage Form sets forth the policy terms. In the definitions section of the Form, "insured" is defined as "any person or organization qualifying as an insured in the 'Who Is An Insured' provision of the applicable coverage." (Business Auto Coverage Form at 11). The "Who Is An Insured" provision states that the following are "insureds":

1. Hammons Lawncare[1] for any covered "auto;"

2. Anyone else while using a "covered auto" with permission of Hammons Lawncare with a few specific exceptions; and

---

[1] The policy provides that "You" is covered. "You" is the named insured on the Declarations page and "Hammons Lawncare, LLC" is the only named insured on the Declarations page. (Business Auto Coverage Form at 1).

    3.    Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(Business Auto Coverage Form at 2-3).

The "Lessor-Additional Insured and Loss Payee" endorsement modifies the Business Auto Coverage Form. It provides that "for a covered 'auto' that is a 'leased auto' 'Who Is An Insured' is changed to include as an 'insured' the lessor named in the schedule." (Lessor-Additional Insured and Loss Payee Endorsement at 2). Eric is the only lessor named in the schedule. Thus, it is clear that Eric is an insured under the liability portion of the policy for the leased truck. What is less clear is whether Eric is covered by the UIM endorsement.

The UIM endorsement states that Ohio Casualty will "pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'underinsured motor vehicle'." (UIM Endorsement at 1). The UIM endorsement has a separate "Who Is An Insured" section that lists the following:

    1.    Anyone "occupying" a "covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction; and

    2.    Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

(UIM Endorsement at 1). The UIM endorsement lists three exclusions:

    1.    The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law;

    2.    Anyone using a vehicle without a reasonable belief that the person is entitled to do so; and

    3.    Punitive or exemplary damages.

(UIM Endorsement at 1).   The UIM endorsement does not mention the "lessor-additional insured and loss payee."

Plaintiffs argue that the policy provides UIM coverage for Eric because he is an "insured." Alternatively, Plaintiffs argue that the provisions are ambiguous because it is not clear from the policy terms whether an "additional insured" is covered under the UIM endorsement.  Since there is ambiguity about the policy's meaning, Plaintiffs argue that the reasonable expectation doctrine applies and results in coverage because Debra and Randy Hammons, as the owners of Hammons Lawncare had the reasonable expectation that they were purchasing coverage for Eric when he was added as an "additional insured" and that Eric had the reasonable expectation that he had UIM coverage.

Under the reasonable expectations doctrine, ambiguous terms in an insurance contract must be interpreted in favor of the insured's reasonable expectations and construed as an average person would construe them.  But, "[o]nly actual ambiguities, not fanciful ones, will trigger application of the doctrine." *True v. Raines*, 99 S.W.3d 439, 443 (Ky. 2003).  Absent ambiguity, terms in an insurance contract are to be construed according to their "plain and ordinary meaning." *Nationwide Mutual Ins. Co. v. Nolan*, 10 S.W.3d 129, 131-32 (Ky. 1999).   Insurance policies should be construed according to the parties' mutual understanding at the time they entered into the contract, with this mutual understanding to be deduced, if at all possible, from the language of the contract itself.  *Id.*  Exceptions and exclusions in insurance policies are to be narrowly construed to effectuate insurance coverage.  "Reasonable conditions, restrictions and limitations on insurance coverage are not deemed *per se* to be contrary to public policy." *Snow v. West American Ins. Co.* 161 S.W.3d 338, 341 (Ky. App. 2004).

6

As an additional insured, Eric was expressly provided liability coverage subject to the following additional provisions in the endorsement: "For a covered 'auto' that is a 'leased auto' **Who Is An Insured** is changed to include as an 'insured' the lessor named in the Schedule." No other provision in the policy specifically addresses the rights of an "additional insured," nor does the term appear in the policy's definition section. The contract is not clear about whether an individual added as an "additional insured" under the liability portion of the policy qualifies as an "insured" for purposes of the UIM endorsement. Defendants argue that the UIM endorsement says that an "insured" only receives UIM coverage if in a covered vehicle, however, this is inconsistent with the nature of UIM coverage being personal to the insured. While the terms "covered auto" and "insured" are unambiguous in the liability policy, it is not clear whether the UIM endorsement incorporates the policy definition of "insured" and adds to it with its "Who Is An Insured" section or whether it is exclusive. Thus, the UIM endorsement is ambiguous as to whether Eric is covered. Because it is ambiguous, the reasonable expectation doctrine applies.

Citing *Ohio Casualty Insurance Co. v. Stanfield*, 581 S.W.2d 555 (Ky. 1979), Ohio Casualty contends that Eric, as an additional insured, qualifies only for the benefits stated in the liability policy and its obligation to Eric extends only to liability coverage and not UIM protection unless he was in a covered auto. If the policy is interpreted as Defendants suggest, there was no reason to separately list Eric as a Lessor-Additional Insured and Loss Payee because he would have been covered by the liability policy and the UIM endorsement as an employee of the company as long as he was using a "covered vehicle" the same as all other employees. Listing him separately would offer no additional coverage under Defendants' interpretation. Plaintiffs also cite *Stanfield* and argue that it supports their position that Eric was covered by UIM because he is an insured of the first class.

7

*Stanfield* held that there are two classes of insureds and the first class is covered no matter what vehicle they are occupying when involved in a motor vehicle accident. Insureds of the first class are the named insured, the insured that bought and paid for protection and who has a statutory right to reject UIM coverage, and the members of the insured's family residing in the same household. This protection is broad. Everyone else is an insured of the second class.

The parties must have meant something by naming Eric separately. In the absence of a definition to the contrary, the policy term "additional insured" should be given its "plain and ordinary meaning" of a person who is an insured under the policy in addition to the named insured. There is nothing in the policy to distinguish an additional named insured from the named insured. Like the named insured, Eric's name and address were identified and both were issued liability coverage. Hammons Lawncare had a reasonable expectation that Eric would be treated the same as a "named insured" with regard to the leased vehicle even though he did not pay for coverage himself.

As a "named insured," by operation of law Eric was provided UIM coverage. In Kentucky, a policy of insurance providing liability coverage to an insured must also offer UIM coverage if it is requested by the named insured. KRS 304.39-320(2); *see Allstate Ins. Co. v. Dicke*, 862 S.W.2d 327 (Ky. 1993). According to KRS 304.39-320(2), a liability policy cannot issue without accompanying UIM protection if such protection has been requested. Here, such protection was requested and paid for by the named insured. Although Ohio Casualty says that the policy attempts to limit coverage of additional named insureds to liability protection, such a limitation is insufficient because the named insured specifically requested this coverage and Ohio Casualty was required by statute to provide it. No waiver of this right was obtained in this case. The named insured took the affirmative step of requesting and paying for underinsured motorist coverage and thus became a

8

mandatory insured.

This is in accord with public policy as set out by Kentucky courts which have noted that the clear intent of the UIM statute is to allow an insured to purchase additional coverage so as to be fully compensated for damages when injured by the fault of another individual. In *Dicke*, the Kentucky Supreme Court said that it is contrary to public policy to deny items of personal insurance including UIM when such coverage has been bought and paid for because there is a reasonable expectation that coverage will be provided. *Dicke*, 862 S.W.2d 327. The court also explained in *Nationwide Mutual Ins. Co. v. Hatfield*, 122 S.W.3d 36, 43 (Ky. 2003), that it "cannot interpret the language of the policy to prevent the extension of UIM benefits to an insured that specifically purchases the coverage for his or her protection. This would be clearly contrary to the expectation of the insured and the intent of the legislature in requiring that such coverage be provided to its citizens upon request." *Hatfield*, 122 S.W.3d at 40.

The parties also argue over whether Eric may stack added reparation benefits. Since Eric is an insured of the first class as to the leased vehicle, he is entitled to ARB for that vehicle; however, he may not stack the ARB from the other vehicles because he is not an insured of the first class as to those vehicles.

While not binding because it is an unpublished opinion, there is a similar Sixth Circuit case that should be addressed. In *Meade v. Great American Assurance Co.*, 198 Fed. Appx. 475 (6th Cir. 2006), the court upheld the district court's grant of summary judgment to the insurance company regarding coverage under a commercial policy. In that case, Brandon Meade was a minor passenger in his grandfather's car when he was injured in an accident. He claimed UIM benefits pursuant to a "Non-Trucking Liability and Physical Damage Auto Coverage Policy" that his father purchased

9

on three tractor-trailers he owned as part of his business. The district court granted summary judgment because it found that the insurance coverage did not apply. The court said that the policy obligated the insurance company to pay only those claims resulting from an accident in a "covered vehicle" and the UIM endorsement referred only to "covered vehicles." Citing *Stanfield,* the plaintiff there argued that this language did not matter because he was an insured of the first class and coverage was personal to him. The court distinguished *Stanfield* saying it did not apply because the *Stanfield* court did not indicate that the policy at issue there explicitly restricted protection to "covered vehicles" or that those policies were as narrowly drawn as the policies before the *Meade* court. This case differs because the policy at issue in this case does not appear to be as narrowly drawn as the *Meade* policy. The *Meade* policy was very specific to the trucking industry and the particular circumstances presented in that case. Further, that policy did not contain provisions about an "additional insured" whereas the instant policy does.

**B.     Personal Policy**

Eric is listed as a driver on the West American policy but is not a named insured. Plaintiffs claim coverage under the policy because Eric is a "family member" which is defined as a "related person" "who is a resident of the 'named insured's' household or who is temporarily residing elsewhere." The parties seem to agree that if Eric was a resident of his parents household at the time of the accident he would be covered under the policy, however, citing deposition testimony given by Eric, West American argues that Eric had moved out of his parents house prior to the accident so he was not covered by the policy. Plaintiffs respond that Eric was only temporarily residing elsewhere so coverage applies.

"Kentucky case law has previously defined residence as a 'factual place of abode or living

10

in a particular locality.'" *Perry v. Motorists Mutual Insurance Co.*, 860 S.W.2d 762, 764 (Ky. 1993)(quoting *Old Reliable Insurance Co. v. Brown*, 558 S.W.2d 190 (Ky. App. 1977). "Whether a new residence has been acquired or an old residence abandoned is dependent on the totality of all facts and circumstances." *Id.* Where different inferences can be drawn from undisputed facts, intent is a question of fact and not of law. *Id.* at 765. Whether Eric was a "resident" of his parent's household at the time of the accident or was "temporarily residing elsewhere" is a question of fact because the evidence supports more than one inference upon which reasonable minds could differ. Thus, summary judgment is inappropriate and the motion is denied.

IV.     **CONCLUSION**

Accordingly, **IT IS ORDERED**, that the Defendants' motion for declaratory judgment which has been construed as a motion for partial summary judgment [DE 5] is **DENIED**.

This 28th day of May, 2009.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**