UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-cv-030-KSF

ERIC HAMMONS,                                                                                              PLAINTIFF

V.                              **MEMORANDUM OPINION AND ORDER**

THE OHIO CASUALTY INSURANCE
    COMPANY, ET AL.,                                                                                  DEFENDANTS

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On March 16, 2008, Eric Hammons was injured in a single-automobile collision while a passenger in a truck owned by Ronald Ray Cannon, III, when Mr. Cannon lost control of the truck and struck a utility pole.

Subsequently, plaintiff's parents, Debra Hammons and Randy Hammons, were appointed co-guardians of their son, Eric Hammons, and on March 28, 2008, Debra Hammons and Randy Hammons filed this action in Scott Circuit Court (No. 08-CI-00271) against R.C. Cannon, alleging that their son Eric sustained extensive personal injuries in the collision in question due to the defendant's failure to operate his motor vehicle with ordinary care. Plaintiffs sought compensatory damages.

Thereafter, on April 24, 2008, plaintiffs filed an Amended Complaint adding defendants The Ohio Casualty Insurance Company ("Ohio Casualty") and West American Insurance Company ("West American") to this action. Plaintiffs sought recovery of all "added no-fault and underinsured ("UIM") motorist coverages to which they are entitled from the insurer defendants.

Subsequently, on January 20, 2009, by Agreed Order, defendant Ronald Cannon was dismissed from this action, and on January 27, 2009, the remaining defendants, Ohio Casualty and West American, removed this action from state court pursuant to 28 U.S.C. § 1332.

This matter is before the court on plaintiff's motion to compel discovery from the defendants.[1] This motion has been fully briefed and is ripe for review.

## II.  PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff's motion to compel discovery concerns defendants' answers to plaintiff's second of interrogatories and plaintiff's request that defendants make their claims adjuster available for deposition.

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ."

**A.  Motion to compel answers to plaintiff's Second Set of Interrogatories**

As grounds for his motion to compel, plaintiff asserts that in answering these interrogatories, the defendants offer a non-responsive objection to three interrogatories without providing any answers (see Interrogatories No. 5, 16 & 17) and that the defendants answer the remaining sixteen interrogatories with a non-responsive answer that states:

> To the extent relevant to these proceedings, Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently before the United States District Court for the Eastern District of Kentucky.

Plaintiff contends that defendants' answers to these Second Set of Interrogatories are essentially non-responsive and that defendants should be required to supplement their answers thereto.

In response, defendants counter that contrary to plaintiff's assertions that in these discovery requests he is simply seeking the facts upon which the defendant insurers rely in denying coverage, the information plaintiff seeks concerns the defendants' legal theories regarding coverage, which is not a proper subject matter of discovery in an action to determine whether there is insurance coverage.

---

[1]  Pursuant to numerical paragraph 14 of the district court's Scheduling Order entered herein on June 17, 2009, all discovery disputes were referred to the Magistrate Judge for resolution.  [DE #20].

To properly analyze this matter, it is necessary to examine these Interrogatories and defendants' answers thereto, all of which is set out below:

> **INTERROGATORY NO. 1**: Is Eric Hammons an insured under Ohio Casualty Policy No. BAO (09) 50 23 91 60?
>
> **ANSWER**: **OBJECTION.** The policy speaks for itself. Furthermore, Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently pending before the United States District Court for the Eastern District of Kentucky See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22.

Reading between the lines of this answer, it appears that defendants are denying that plaintiff is an insured under the policy in question, as they moved for declaratory judgment that they were not obligated to provide coverage to the plaintiff.[2]

The Magistrate Judge concludes that the defendants' unspecified objection and their reference to the motion for declaratory judgment provide an inadequate answer to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

> **INTERROGATORY NO. 2**: By name and address, please state what persons or members of Hammons Lawn Care, LLC are insured under this policy. Please state the full factual, contractual and legal basis for your answer.
>
> **ANSWER**: **OBJECTION.** This interrogatory seeks information that is neither relevant to these proceedings, nor reasonably likely to led to the discovery of admissible evidence. Without waiving the foregoing objection, to the extent this Interrogatory is relevant to these proceedings, Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently before the United States District Court for the Eastern District of Kentucky. See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

Similar to defendants' answer to Interrogatory No. 1, the Magistrate Judge concludes that the defendants' objection and their reference to the motion for declaratory judgment provide an inadequate answer to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

---

[2] In an Opinion and Order entered on May 29, 2009, the district court denied the defendants' motion for declaratory judgment, concluding that plaintiff is entitled to coverage under the commercial policy due to the reasonable expectations doctrine and that a factual issue precludes summary judgment under the personal policy. See DE #16.

> **INTERROGATORY NO. 3**: Were the persons listed on Exhibit "A" attached hereto insureds under this policy when it became effective on March 16, 2008?
>
> **ANSWER**: **OBJECTION.** This interrogatory seeks information that is neither relevant to these proceedings, nor reasonably likely to lead to the discovery of relevant evidence with respect to these proceedings. Ohio Casualty's position with respect to whether or not Eric Hammons was covered under the policy has been fully addressed in Ohio Casualty's filings related to the pending Motion for Declaratory Judgment currently before the United States District Court for the Eastern District of Kentucky. See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

Again, the Magistrate Judge concludes that the defendants' objection and their reference to the motion for declaratory judgment provide an inadequate answer to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

> **INTERROGATORY NO. 4**: If your answers to Interrogatory No. 1 or 3 is "no", please state fully the factual, contractual and legal basis for your answer.
>
> **ANSWER**: To the extent relevant to these proceedings Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently pending before the United States District Court for the Eastern District of Kentucky. See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

> **INTERROGATORY NO. 5**: Do you acknowledge that the $25,000.00 of liability coverage paid to Eric Hammons on behalf of R.C. Cannons is inadequate to fully compensate Eric Hammons for his medical expense, wage loss, pain and suffering incurred as a result of his injuries sustained on March 18 [sic] 2008?
>
> **ANSWER**: **OBJECTION.** This interrogatory seeks information that is neither relevant, nor reasonably likely to lead to the discovery of relevant evidence with respect to these proceedings.

The Magistrate Judge concludes that the defendants' objection on the grounds of relevance is an inadequate answer to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

**INTERROGATORY NO. 6**: As to Eric Hammons, please state what coverages sold under this Ohio Casualty policy are specifically linked to particular vehicle – e.g., collision coverage, glass coverage, etc.

**ANSWER**: To the extent relevant to these proceedings Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently pending before the United States District Court for the Eastern District of Kentucky. See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

**INTERROGATORY NO. 7**: Please explain factual, contractual and legal basis for your answer to Interrogatory No. 6 above.

**ANSWER**: To the extent relevant to these proceedings Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently pending before the United States District Court for the Eastern District of Kentucky. See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

**INTERROGATORY NO. 8**: As to Eric Hammons, please state what coverages e.g., underinsured motorist coverage and added reparations benefits are personal to him and not limited to a particular vehicle.

**ANSWER**: To the extent relevant to these proceedings Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently pending before the United States District Court for the Eastern District of Kentucky. See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

**INTERROGATORY NO. 9**: Is the underlying motorist coverage sold on the 2005 Dodge 3500 pickup VIN# 3D7LS38C45G779970 personal to Eric Hammons under this policy? If your answer is "no", please state fully the factual, contractual and legal basis for your answer.

5

>**ANSWER**:  To the extent relevant to these proceedings Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently pending before the United States District Court for the Eastern District of Kentucky.  See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory.  Plaintiff is entitled to a full, complete answer to this interrogatory.  Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

>**INTERROGATORY NO. 10**: How many units of underinsured motorist coverage sold under this Ohio Casualty policy are personal to Eric Hammons?
>
>**ANSWER**:  To the extent relevant to these proceedings Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently pending before the United States District Court for the Eastern District of Kentucky.  See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory.  Plaintiff is entitled to a full, complete answer to this interrogatory.  Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

>**INTERROGATORY NO. 11**: Is the added reparations benefits motorist coverage sold on the 2005 Dodge 3500 pickup VIN# 3D7LS38C45G779970 personal to Eric Hammons under this policy?  If your answer is "no", please state fully the factual, contractual and legal basis for your answer.
>
>**ANSWER**:  To the extent relevant to these proceedings Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently pending before the United States District Court for the Eastern District of Kentucky.  See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory.  Plaintiff is entitled to a full, complete answer to this interrogatory.  Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

>**INTERROGATORY NO. 12**: How many other units of added reparations benefits motorist coverage sold under this Ohio Casualty policy are personal to Eric Hammons?
>
>**ANSWER**:  To the extent relevant to these proceedings Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory

6

Judgment currently pending before the United States District Court for the Eastern District of Kentucky. See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

> **INTERROGATORY NO. 13**: Do you acknowledge that Ohio Casualty sold 14 separate units of UIM coverage and 14 units of added reparations benefits under this policy?
>
> **ANSWER**: To the extent relevant to these proceedings Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently pending before the United States District Court for the Eastern District of Kentucky. See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

> **INTERROGATORY NO. 14**: Do you acknowledge that Ohio Casualty collected 14 separate premiums of $132.00 for each unit of added reparations benefits coverage sold under this Ohio Casualty policy?
>
> **ANSWER**: To the extent relevant to these proceedings Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently before the United States District Court for the Eastern District of Kentucky. See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

> **INTERROGATORY NO. 15**: Do you acknowledge that Ohio Casualty collected 14 separate premiums of $86.00 for each unit of underinsured motorist coverage sold under this Ohio Casualty policy?
>
> **ANSWER**: To the extent relevant to these proceedings Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently before the United States District Court for the Eastern District of Kentucky. See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

> **INTERROGATORY NO. 16**: In the years 2006, 2007 and 2008 has Ohio Casualty paid UIM claims wherein it has allowed insureds or others to "stack" UIM coverages when each [sic] coverages have been purchased by payment of separate premiums? If so, please state the number and claim number of all such claims paid in 2006, 2007 and 2008.
>
> **ANSWER**: **OBJECTION.** Interrogatory No. 16 seeks information that is neither relevant, nor reasonably likely to lead to discovery of relevant evidence in this matter.

The Magistrate Judge concludes that the defendants' objection to this interrogatory has merit. The information requested is irrelevant to any claim or defense raised herein. Defendants' objection is sustained. Plaintiff's motion to compel is denied. Defendants have no obligation to supplement their answer to this interrogatory.

> **INTERROGATORY NO. 17**: In the years 2006, 2007 and 2008 has Ohio Casualty paid added reparations benefits claims wherein it has allowed insureds or others to "stack" added reparations benefits upon basic reparations benefits when added reparations benefits have been purchased by payment of separate premiums? If so, please state the number and claim number of all such claims paid in 2006, 2007 and 2008.
>
> **ANSWER**: **OBJECTION.** Interrogatory No. 17 seeks information that is neither relevant, nor reasonably likely to lead to discovery of relevant evidence in this matter.

The Magistrate Judge concludes that the defendants' objection to this interrogatory has merit. The information requested is irrelevant to any claim or defense raised herein. Defendants' objection is sustained. Plaintiff's motion to compel is denied. Defendants have no obligation to supplement their answer to this interrogatory.

> **INTERROGATORY NO. 18**: Does Ohio Casualty assert that Eric Hammons may not "stack" any of the UIM coverages sold under this Ohio Casualty policy? Please state fully the factual, contractual and legal basis for such assertion.
>
> **ANSWER**: Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently before the United States District Court for the Eastern District of Kentucky. See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

> **INTERROGATORY NO. 19**: Does Ohio Casualty assert that Eric Hammons may not "stack" any of the added reparations coverages sold under this Ohio Casualty policy on which Eric Hammons is an additional insured? Please state fully the factual, contractual and legal basis for such assertion.
>
> **ANSWER**: Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently before the United States District Court for the Eastern District of Kentucky See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

> **INTERROGATORY NO. 20**: Does Ohio Casualty assert that because Eric Hammons was injured in a vehicle owned and operated by one R.C. Cannon, none of the UIM coverages and none of the additional reparations coverages sold under this policy are applicable to him?
>
> **ANSWER**: Ohio Casualty has fully addressed this issue in its filings related to the pending Motion for Declaratory Judgment currently before the United States District Court for the Eastern District of Kentucky See Case No. 5:09-cv-00030-KSF DN 5.1 - 5.22 and DN9.

The Magistrate Judge concludes that the defendants' answer by simply referring to the motion for declaratory judgment is an inadequate response to this interrogatory. Plaintiff is entitled to a full, complete answer to this interrogatory. Plaintiff's motion to compel is granted, and the defendants are directed to supplement their answer to this interrogatory.

**B.**     **Motion to compel the deposition of defendants' claim representative**

Plaintiff also seeks to take the deposition of defendants' claim representative(s); however, the defendants have declined to provide their representative(s) for deposition on the grounds that: (1) Ohio Casualty and West American's adjuster does not have any factual information relevant to

this action, and (2) the discovery propounded thus far by the plaintiff has sought information that is relevant only to a bad faith claim and is improper at this time.

The defendants correctly note that plaintiff is not entitled to discover privileged information, such as that protected by the attorney/client privilege and/or the work product doctrine. Nevertheless, the Magistrate Judge concludes that the insurers' claim representative(s) should have some factual knowledge about this case that is discoverable and that the plaintiff is entitled to take their depositions to learn the factual knowledge of the claim representative(s).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' objections to Interrogatory Nos. 1, 2, 3, and 5 are **OVERRULED**; plaintiff's motion to compel the defendants to supplement their answers to plaintiff's Second Set of Interrogatories [DE #24] is **GRANTED IN PART**, as to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 19, and 20.

2. Defendants' objections to Interrogatory Nos. 16 and 17 are **SUSTAINED**; plaintiff's motion to compel the defendants to supplement their answers to plaintiff's Second Set of Interrogatories [DE #24] is **DENIED IN PART**, as to Interrogatory Nos. 16 and 17.

3. Defendants are given fifteen (15) days from the date of this Order in which to supplement their answers to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 19, and 20.

4. Plaintiff's motion to compel the defendants to make their claims representative(s) available for deposition [DE #24] is **GRANTED**, and the defendants are directed to make their claims representative(s) available for deposition on a mutually agreeable date after the defendants provide the plaintiff with their supplemental answers to Plaintiff's Second Set of Interrogatories.

This 3rd day of August, 2009.

Signed By:
*James B. Todd*
United States Magistrate Judge